## Norris *v.* Hoitt.

A daguerreotype apparatus, which the owner has ceased to use for the taking of likenesses, and is using only to teach the art to another, with a view to a sale of the chattel, is not exempt from attachment as " tools of his occupation."

Whether it be a " tool," *quære.*

TRESPASS, for taking and converting a daguerreotype apparatus, property of the plaintiff.

The plea is the general issue, with a brief statement

Norris *v.* Hoitt.

that the defendant would justify, by virtue of an attachment of Nathaniel Wiggin, one of his deputies, made on a writ in favor of Jefferson Smith against the plaintiff. The plaintiff contended that said property was not liable to attachment, being tools of his occupation. The plaintiff never worked at any trade, but in the latter part of the summer of 1843 took lessons in the art of taking likenesses by a peculiar process, styled " daguerreotype," and immediately purchased this apparatus, for the purpose of so taking likenesses ; and went to work, and continued at that business till September or October, 1844 ; and from that time abandoned the business, till about the time of the attachment (July 9, 1845), when he was using the same in instructing a young man by the name of Bean, in its use, in a room hired by said Bean for that purpose, under an expectation of a sale to him, if he could learn its use.

The above facts were agreed to by the parties.

*Hale,* and *Soule,* for the plaintiff, cited 13 Mass. 36 ; 10 Pick. 407 ; Wil. 512 ; 4 T. R. 565 ; 5 Mass. 313 ; 2 Pick. 302.

It was the plaintiff's occupation to give instruction in the use of the instrument, and such was his business or trade.

*W. A. Marston,* for the defendant.

Woods, J.  The statute exempts from process against a debtor, " tools of his occupation, to the value of twenty dollars."  Rev. Stat., chap. 184, sec. 2.

Whether the chattel which was seized, and the character of which is brought in controversy in this case, is a tool or not, within the meaning of that statute, it is not necessary to inquire.  There are cases in which the meaning of the word has been extended to embrace things not

in strictness embraced in its philological, or even its popular use.

The claim of exemption which is set up fails, by reason of the chattel not being in fact employed by the plaintiff in his ordinary occupation. He had ceased to occupy himself in the business of taking likenesses by means of the apparatus, nor had he assumed the occupation of teaching the art in which the apparatus was a necessary part of his outfit. It was not, even in the very questionable sense in which the defendant contends it was, a tool of his occupation, because teaching was not his occupation.

There must, therefore, be

*Judgment for the defendant.*